756 So.2d 76 (2000)
Inquiry Concerning a Judge, No. 99-105, re John T. LUZZO.
No. SC00-197.
Supreme Court of Florida.
May 4, 2000.
*77 Miette K. Burnstein, Chair, Tallahassee, Florida; Thomas C. MacDonald, Jr., of Cook, Bell & MacDonald, P.A., Tampa, Florida, General Counsel for the Florida Judicial Qualifications Commission; and Eileen L. Tilghman of Shook, Hardy & Bacon, L.L.P., Miami, Florida, Special Counsel for the Florida Judicial Qualifications Commission, Petitioner.
Henry Latimer of Eckert, Seamans, Cherin & Mellott, LLC, Fort Lauderdale, Florida, and Harris K. Solomon of Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, Fort Lauderdale, Florida, for Respondent.
PER CURIAM.
This matter is before the Court pursuant to a stipulation between the Florida Judicial Qualifications Commission and John T. Luzzo, a Circuit Judge of the Seventeenth Judicial Circuit. In the stipulation, Judge Luzzo admits to judicial misconduct and stipulates that he will not contest the recommendation of the Commission that he be publicly reprimanded for such misconduct. We have jurisdiction. See art. V, § 12, Fla. Const. We approve the stipulation and impose the recommended sanction.
The Judicial Qualifications Commission charged Judge Luzzo with violating Canons 1, 2A and B, 3E, and 5D(5)(h) of the Code of Judicial Conduct,[1] for accepting free tickets to Florida Marlins baseball games during 1994 through 1997 from a law firm whose lawyers appeared before him in at least two cases. In its entirety, the stipulation provides:
1. Judge Luzzo admits the allegations contained in paragraphs 1 and 2 of the Notice of Formal Charges with the clarification that the subject baseball tickets were received from two friends who were members of the law firm of Billing, Cochran, Lyles and Mauro, P.A. ("the Law Firm").
2. On approximately ten occasions in 1997, Judge Luzzo accepted free tickets to the Florida Marlins' baseball games from those two members of the Law Firm. In the years 1994, 1995 and 1996, he received free tickets to the Florida Marlins' baseball games from the two members of the Law Firm on approximately *78 five to seven different occasions. On the occasions in 1994, 1995 and 1996, when he accepted free tickets, he usually accepted two tickets. On one occasion during that time, Judge Luzzo accepted four free baseball tickets. On all of these occasions, Judge Luzzo informed the two members of the Law Firm that he would only accept the tickets if they were otherwise to be unused.
3. The face value of the baseball tickets Judge Luzzo accepted from 1994 through 1997 were $16.00 to $18.00 a piece.
4. Judge Luzzo waives his right to trial by the Hearing Panel of the Commission, and will not submit any further evidence or file any further pleadings in this matter.
5. Judge Luzzo has cooperated with the Investigative Panel of the Commission. He has also ceased accepting free tickets. Further, in order to avoid any possible embarrassment to the Florida Conference of Circuit Judges or to the integrity of the judiciary, Judge Luzzo resigned as Chairperson-Elect of the Conference prior to his being installed at the June, 1999 meeting.
6. The Investigative Panel has carefully and fully considered this matter. Judge Luzzo has never had a complaint filed against him with The Florida Bar in over eight years as an attorney before he became a judge, nor has there been a prior Judicial Qualifications Commission inquiry regarding him in the eighteen plus years he has served as a judge. In fact, he has chaired and served on numerous Florida Bar and Judicial Conference Committees in furthering the practice and professionalism of the Bench and Bar. Taking into account Judge Luzzo's cooperation, his candor, his expressions of remorse to the Investigative Panel, his general reputation as a fair, impartial and competent judge who has repeatedly been highly rated in the local Judicial Bar Polls, the fact that he resigned as the Chairperson-Elect of the Florida Conference of Circuit Judges, his general reputation as a competent judge, and all of the circumstances bearing on this matter, the Investigative Panel concludes that a public reprimand is appropriate. Judge Luzzo will not contest the recommendation to be made by the Investigative Panel to the Supreme Court of Florida that he be publicly reprimanded in the manner deemed appropriate by the Supreme Court of Florida.
According to the findings of the Commission, although the value of each individual ticket or group of tickets Judge Luzzo received in 1997 was less than $100, the aggregate value of all the tickets he received during that year equaled between $160 and $180 dollars. Canon 5D(5)(h) requires that judges report gifts received in excess of $100; however, the Commission noted that the canon is unclear as to whether the value of gifts received from one source in one year should be aggregated. Accordingly, the Commission did not consider the charge that Judge Luzzo had violated canon 5D(5)(h) when he failed to report these gifts pursuant to canon 6B(2), which governs the public reporting of gifts. We likewise do not consider this aspect of the charge and, as recommended by the Commission, we refer the question of aggregation to the Judicial Ethics Advisory Committee to determine whether these canons should be clarified.
Even without considering Judge Luzzo's failure to report these gifts, canon 5D(5)(h) also prohibits a judge from accepting a gift of any value from a "person who has come or is likely to come" before the judge. The commentary to canon 5D(5)(h) specifically provides that this canon "prohibits judges from accepting gifts, favors, bequests or loans from lawyers or their firms if they have come or are likely to come before the judge." The importance of this Canon was emphasized in a recent ethics advisory opinion. See Fla. Supreme Ct. Judicial Ethics Adv. Comm. Op. No.2000-08, Judges and Court Employees Accepting *79 Gifts from Lawyers, Vendors, and Other Third Parties (March 1, 2000). As found by the Judicial Qualifications Commission, "During the period of time that Judge Luzzo received these tickets, lawyers from the Law Firm were not only likely to appear before Judge Luzzo, but actually were before him as defense counsel in at least two cases." Thus, Judge Luzzo's conduct comes squarely within Canon 5D(5)(h).
In consideration of the foregoing stipulation and upon our independent review of the stipulated circumstances that gave rise to the findings of judicial misconduct, we find that Judge John T. Luzzo should be publicly reprimanded. We recently concluded that "when the conduct of a jurist is so egregious as to require a public reprimand, such reprimand should be issued in person with the defaulting jurist appearing before this Court." In re Frank, 753 So.2d 1228, 1242 (Fla.2000). Accordingly, we hereby command Judge John T. Luzzo to appear before this Court for the administration of a public reprimand at 9 a.m. on June 6, 2000, for the actions noted above.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Canon 1 ("A judge Shall Uphold the Integrity and Independence of the Judiciary"), provides that "[a] judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved." Canon 2 ("A Judge Shall Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities"), provides in part A that "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Part B of canon 2 provides that "[a] judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment. A judge shall not ... permit others to convey the impression that they are in a special position to influence the judge." Canon 3E requires a judge to disqualify himself or herself "in a proceeding in which the judge's impartiality might reasonably be questioned." Finally, canon 5D(5) sets forth the rule that "[a] judge shall not accept ... a gift bequest, favor or loan," but section 5D(5)(h) provides an exception in those circumstances where "the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and if its value exceeds $100.00, the judge reports it in the same manner as the judge reports compensation in Section 6B."