PER CURIAM.
We review the recommendation of the Judicial Qualifications Commission (JQC) that Judge David M. Gooding be disciplined. We have jurisdiction. See art. V, § 12, Fla. Const. As we explain below, except for our determination that the evidence does not support a violation of Canon 6 B of the Code of Judicial Conduct, we approve the findings and recommendation.
The JQC filed a formal notice against Circuit Court Judge David M. Gooding charging him with violations of the Code of Judicial Conduct related to his 2002 election campaign for the judgeship he currently holds. The parties entered into a stipulation in which Judge Gooding admitted the conduct charged and its impropriety. In accordance with the stipulation, the JQC filed its “Findings and Recommendations of Discipline,” which stated the following:
The JQC has now entered into a Stipulation with Judge Gooding in which he admits that during the course of his campaign he incurred campaign expenses at a time when his campaign account did not have sufficient funds to cover those expenses, and after the campaign he loaned funds to his campaign and deposited such funds into his campaign account after the deadline for doing so had passed. This conduct violated Florida Statutes §§ 106.11 and 106.08 and Canons 1, 2, 6 B and 7.
Both the JQC and Judge Gooding agreed that a public reprimand is the appropriate discipline, and the parties waived oral argument before this Court.
Article V, section 12(c)(1) of the Florida Constitution provides that this Court may *122 “accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission and it may order that the justice or judge be subjected to appropriate discipline.” See art. V, § 12(a)(1), Fla. Const, (stating that “[f]or purposes of this section, discipline is defined as any or all of the following: reprimand, fine, suspension with or without pay, or lawyer discipline”). When, as in this case, the parties enter into a stipulation, this Court independently reviews the stipulated facts on which the JQC’s findings are based and also determines whether the recommended discipline is appropriate. See In re Luzzo, 756 So.2d 76, 79 (Fla.2000) (“In consideration of the foregoing stipulation and upon our independent review of the stipulated circumstances that gave rise to the findings of judicial misconduct, we find that Judge John T. Luzzo should be publicly reprimanded.”). Accordingly, “we review the findings to ensure” that they “support the alleged ethical violations” and consider whether the recommendation of discipline should be approved. In re Andrews, 875 So.2d 441, 442 (Fla.2004) (determining judge’s conduct, which was admitted in the stipulation, violated specific canons as found by the JQC and accepting the recommended discipline as consistent with precedent regarding such violations).
THE FINDINGS ON THE CHARGES
Judge Gooding was charged as follows:
1. During the campaign, you incurred campaign expenses at a time when your campaign account did not have sufficient funds to cover those expenses in violation of § 106.11, Florida Statutes, in violation of Canons 1, 2, 6 B and 7.
2. After the campaign, you loaned to your campaign substantial sums and deposited such funds in your campaign account after the deadline for depositing money into that account in violation of § 106.08, Florida Statutes, in violation of Canons 1, 2, 6 B and 7.
In the stipulation, Judge Gooding admitted that during his 2002 campaign for the circuit court judgeship he holds, he incurred campaign expenses at a time when his campaign account had insufficient funds. He correctly admitted the impropriety of this conduct under section 106.11, Florida Statutes (2001), which prohibits drawing on a campaign account when there are insufficient funds to cover the expenditure.[1] The parties also stipulated that this conduct violated Canons 1, 2, 6 B, and 7 of the Code of Judicial Conduct, the provisions of which are summarized below:
(1) Canon 1 states that a judge “should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved.”
(2) Canon 2 provides in part that a “judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.”
(3) Canon 6 B requires judges to “file such public report as may be required by law for all public officials to comply *123 fully with the provisions of Article II, Section 8 of the Constitution of Florida,” to use the form used by the Florida Commission on Ethics for public officials, to timely file the form with that Commission, and to file a copy with the JQC.
(4) Canon 7 governs political activity by judges or candidates for judicial office, and specifically applies to the conduct of judges or candidates seeking election to judicial office.
In this case, although we find that the judge’s admitted conduct violated Canons 1, 2, and 7, we find that the stipulated facts do not support the JQC’s finding that he violated Canon 6 B.
The JQC alleged in its first charge that incurring campaign expenses when his campaign account had insufficient funds also violated Canon 6 B, which requires a judge to file required financial reports. There is no allegation or admission, however, that Judge Gooding was required to and failed to file a report, and section 106.11(3), Florida Statutes (2001), does not contain a reporting requirement. See, e.g., In re Rodriguez, 829 So.2d 857, 858-59 (Fla.2002) (charging judge’s specific campaign finance activities and specific reporting practices violated Canon 6 B). Accordingly, the stipulated facts do not support the JQC’s finding of this violation, and we reject it.
The second charge suffers from the same problem. Judge Gooding admitted that he personally loaned his campaign “substantial sums and deposited such funds” in his campaign account after the statutory deadline for depositing money into that account. This conduct is clearly prohibited under section 106.08(3)(a), Florida Statutes (2001).[2] See Op. Div. Elec. 83-10 (May 10, 1983) (concluding that under this “express language in the Election Code, ... a candidate is prohibited from loaning money to his campaign account on the day of an election or less than 5 days prior to the day of that election”); Op. Div. Elec. 76-10 (Aug. 7, 1976) (stating that a candidate’s deposit of his own money into his campaign account constitutes a reportable contribution). Accordingly, the JQC’s findings of fact support its determination that the conduct violated the statute and violated Canons 1, 2, and 7. The violation of Canon 6 B, however, is not supported by the admitted facts. The campaign finance statutes of Chapter 106 contain many reporting requirements, but the JQC did not charge a violation of any of them. See, e.g., § 106.075, Fla. Stat. (2002) (“Elected officials; report of loans made in year preceding election; limitation on contributions to pay loans.”). Further, the JQC has not alleged that Judge Gooding was required to and failed to report his conduct, and neither the alleged nor the admitted conduct clearly violates Canon 6 B. Thus, we reject the finding that Judge Gooding’s conduct violated Canon 6 B.
THE RECOMMENDED DISCIPLINARY ACTION
The Commission recommended that “the interests of justice, the public welfare and *124 sound judicial administration will be well served by a public reprimand of Judge Gooding.” We accept this recommendation.
The JQC found that Judge Gooding admitted Charges 1 and 2, “accepted] full responsibility, and acknowledge^] that such conduct should not have occurred.” In addition, we find that compared to others, Judge Gooding’s behavior did not demonstrate a pattern of unethical conduct or disregard for the election laws. See In re Rodriguez, 829 So.2d 857 (Fla.2002). As stated in In re Angel, 867 So.2d 379, 383 (Fla.2004), this Court has, in many cases involving violation of Canon 7 for election campaign violations, accepted the JQC’s recommendation of a public reprimand. The JQC’s recommendation is therefore consistent with precedent imposing a public reprimand as the appropriate discipline in such cases.
We hereby command Judge Gooding to appear before this Court for administration of a public reprimand at a time to be established by the Clerk of this Court.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in result only.

. The statute provides in part that
[n]o candidate ... shall authorize any expenses ... unless there are sufficient funds on deposit in the primary depository account ... to pay the full amount of the authorized expense, to honor all other checks drawn on such account, which checks are outstanding, and to meet all expenses previously authorized but not yet paid.
§ 106.11(3), Fla. Stat. (2001).

. The statute provides as follows:
(3)(a) Any contribution received by a candidate with opposition in an election or by the campaign treasurer of such a candidate on the day of that election or less than 5 days prior to the day of that election must be returned by him or her to the person or committee contributing it and may not be used or expended by or on behalf of the candidate.
§ 106.08(3)(a), Fla. Stat. (2001). A contribution is defined as a "gift, ... deposit, loan, payment, or distribution of money or anything of value ... made for the purpose of influencing the results of an election." § 106.011(3), Fla. Stat. (2001) (emphasis added).