PER CURIAM.
We review the recommendation of the Judicial Qualifications Commission (JQC or Commission) that Judge Meryl L. Alla-was be disciplined for violating the Code of Judicial Conduct by not expeditiously issuing rulings in a dozen cases, which conduct adversely impacted the administration of justice. We have jurisdiction. See art. V, § 12, Fla. Const.
FACTS
On July 30, 2004, the JQC formally charged Judge Allawas with the following conduct alleged to violate Canons 1, 2, and 3 of the Code of Judicial Conduct:
1. In the case of In re Marriage of Hansen, Case No. 05-2001-DR-15278, an unreasonable period of over a year and a half transpired between the final hearing and the rendition of a ruling, which followed the filing of a complaint with this Commission.
2. In the case of In re Marriage of Figueroa, Case No. 05-2000-DR-1902, a similar unreasonable period transpired without a ruling, and in response to a motion for new trial you directed your judicial assistant to advise counsel that you would grant the motion or, alternatively, you would render a decision in the case if the parties would waive the lapse of time as a ground of appeal. Eventually a ruling was made.
3. In the case of Goff v. Worley, Case No. 05-1992-00429, an unreasonable time, in excess of one (1) year, transpired between the final hearing and the rendition of a ruling.
4. In a jury trial in a personal injury case, you waited approximately one year before denying the defendant’s motion for directed verdict.
5. In the case of Hawkins v. JEM Broadcasting, Inc., an unreasonable period of approximately nine (9) months ensued between the hearing on a motion for attorney’s fees and your ruling.
6. In the case of Bayless v. Santa Cruz Construction, Inc., an unreasonable period of approximately nine (9) months transpired between a hearing on a motion to dismiss and your ruling.
7. In the case of Edel v. Walker, Case No. 05-1995-DR-14705, an unreasonable period in excess of a year and five moths [sic] has transpired between [sic] the trial without a ruling by you.
8. In the case of In re Marriage of Messner, Case No. 05-2000-DR-017644, an unreasonable period in excess of six months transpired after the ruling [sic] without a ruling by you.
9. In the case of Allen v. Doughlin Management Corp., an unreasonable period of nearly ten (10) months [transpired] before your ruling after a hearing on a motion to amend.
10. In the case of Weiss v. Mongiello, Case No. 05-2001-DR-024988, approximately sixteen (16) months passed before your ruling following a trial.
11. In the case of In re Marriage of Chambers, Case No. 05-1999-DR-46291, after a period of over nine (9) months after trial, you directed your judicial assistant to advise counsel that you would rule within ten (10) days if the parties would waive your delay in any appeal or motion for rehearing or you would order a mistrial, or the court would grant an additional evidentiary hearing and render a decision within ten *1054 (10) days of that hearing if the parties would waive your delay as an issue on appeal or a motion for rehearing. This offer was declined.
12. In the case of In re Marriage of Boudot, Case No. 04-2002-DR-017477, after you delayed ruling for nine (9) months the parties stipulated to dismiss the case and refile to obtain assignment to another judge.
Judge Allawas waived a hearing, and she and the JQC entered into a stipulation in which the judge admitted the twelve allegations, acknowledged violation of her duties under the Code, and agreed that public reprimand was the appropriate discipline in the case!
ANALYSIS
When the JQC presents a case for our review, we are empowered under the Florida Constitution to “accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission” and to “order that the justice or judge be subjected to appropriate discipline.” Art. V, § 12(c)(1), Fla. Const. In this case, the parties have entered a stipulation upon which the JQC’s findings are based. This Court independently reviews the stipulation and findings and determines whether the recommended discipline is appropriate. See In re Luzzo, 756 So.2d 76, 79 (Fla.2000) (“In consideration of the foregoing stipulation and upon our independent review of the stipulated circumstances that gave rise to the findings of judicial misconduct, we find that Judge John T. Luzzo should be publicly reprimanded.”). Thus, “we review the findings to ensure” that they “support the alleged ethical violations” and determine whether to approve the recommendation of- discipline. In re Andrews, 875 So.2d 441, 442 (FIa.2004) (finding admitted conduct violated specific canons and accepting disciplinary recommendation as “consistent with this Court’s precedent as to the appropriate sanction for this type of judicial misconduct”).
The JQC found that Judge Alla-was’s conduct violated three canons of the Code, Canon 1 requires judges to uphold the high standards of conduct applicable to them. Canon '2 requires judges to “respect and comply with the law” and “act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” Fla.Code Jud. Conduct Canon 2A. Finally, Canon 3 requires the impartial and diligent performance of judicial duties and specifies that “[a] judge shall dispose of all judicial matters promptly, efficiently, and fairly.” Fla. Code Jud. Conduct Canon 3B.(8). In her stipulation, Judge Allawas acknowledged that the lengthy delays in these cases were both significant and unreasonable and certainly adversely impacted the parties. Her conduct indeed “reflected poorly upon her, the judiciary, and the legal system,” as she admitted. So too, did her efforts in several cases to negotiate with the parties by offering to fulfill her judicial responsibilities in exchange for waivers of the prejudice the parties suffered because of her inaction. Accordingly, we find that the stipulated facts support the JQC’s finding that Judge Allawas’s conduct violates these canons.
In- recommending a public reprimand as a suitable penalty, the JQC took into account various mitigating circumstances. Judge Allawas had no prior disciplinary history and was a relatively new judge without significant prior civil experience. Further, during the relevant period she experienced protracted staffing problems and significant personal family issues. The JQC stated that notwithstanding the difficulties with which she was faced, Judge Allawas was ultimately responsible for her failure properly to discharge her *1055 duties and the negative impact her conduct had on the administration of justice.
For the reasons expressed, we approve the findings and recommendation of the Commission. Further, we agree with the JQC and hold that a public reprimand is the appropriate discipline in this case. Accordingly, we hereby publicly reprimand Judge Allawas by publication of this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD and LEWIS, JJ., concur in result only.