748 So.2d 960 (1999)
Inquiry Concerning A Judge, No. 98-222, re Robert E. BROWN.
No. 94,537.
Supreme Court of Florida.
September 16, 1999.
Judge Frank N. Kaney, Chair, Florida Judicial Qualifications Commission, Thomas C. MacDonald, Jr., General Counsel, and John Beranek, Counsel to the Hearing Panel, Tallahassee, Florida, and Alphonso G. Condon, Jr., Special Counsel to the Florida Judicial Qualifications Commission, Pensacola, Florida, for petitioner.
Harry L. Harper, Panama City, Florida, for Judge Brown, respondent.
*961 PER CURIAM.
This matter is before the Court pursuant to a stipulation between the Florida Judicial Qualifications Commission and Robert E. Brown, a judge of the County Court of Holmes County, Fourteenth Judicial Circuit, wherein Judge Brown admits to judicial misconduct, the Commission recommends that he be publicly reprimanded for such conduct, and Judge Brown stipulates that he will not contest this recommendation, which will direct him to take all necessary steps to avoid repetition of this conduct in the future. We have jurisdiction. See art. V, § 12, Fla. Const. We approve the stipulation and impose the recommended sanction.
In its entirety, the stipulation states:
The Florida Judicial Qualifications Commission ("the Commission") through its Special Counsel, and the respondent, Judge Robert E. Brown ("Judge Brown") stipulate as follows:
1. The parties waive further proceedings before the Hearing Panel of the Commission. Specifically, Judge Brown waives his right to an evidentiary hearing before the Hearing Panel, or the right to file additional pleadings. Judge Brown agrees that the Hearing Panel may make findings and a recommendation in accordance with this stipulation.
2. The parties agree that this stipulation and the findings and discipline recommendation of the Hearing Panel may be filed with the Supreme Court of Florida, and, unless ordered by the Court, waive the filing of briefs and the presentation of oral argument.
3. The parties after full investigation agree that the following facts are established by clear and convincing evidence:
(a) Case Number 97-624MM, pending in the County Court of Holmes County, styled "State of Florida v. Angela Michelle Brown" ("Ms.Brown"), involved a criminal misdemeanor charge against Ms. Brown of harassing communications in violation of Section 365.16, Florida Statutes. Ms. Brown was the former daughter-in-law of Judge Brown, and her arrest and the resulting charges were based upon an affidavit submitted by Robert E. Brown, Jr. ("Mr.Brown"), son of Judge Brown, on October 18, 1997. (The case is hereafter called "case number one.") Judge Brown recused himself from any further consideration of this case on December 4, 1997.
(b) Notwithstanding the recusal, Judge Brown issued an order on June 2, 1998, in case number one directed to Ms. Brown to appear before Judge Brown on July 1, 1998, to show cause why she should not be held in contempt of court for alleged failure to abide by the terms of a non-prosecution agreement entered into by Ms. Brown and the State Attorney for the Fourteenth Judicial Circuit. The affidavit of non-compliance with pretrial intervention was delivered to Judge Brown's secretary by Probation Officer Theresa Foxworth. It was included in a stack of many papers dealing with numerous other cases. Judge Brown's secretary then sorted through the papers delivered by Theresa Foxworth, and prepared the Order to Show Cause. Neither Ms. Foxworth nor the Judge's secretary paid any attention to the name of the defendant on the order, or that Judge Brown had recused himself in this case. The secretary then placed a stack of papers, including the Order to Show cause, on his desk for Judge Brown to review and sign. Judge Brown inadvertently signed the Order to Show Cause without noticing the identity of the defendant. Ms. Brown never appeared before him in this case.
(c) Judge Brown's issuance of the order in Case Number 1 was due to an oversight in that he failed to read the name of the order placed before him. He did not give proper attention to this document prior to affixing his signature.
(d) On June 6, 1998, a second affidavit was executed by Mr. Brown, again charging Ms. Brown with harassing *962 communications in violation of Section 365.16, and stalking in violation of Section 784.048(2), Florida Statutes. These alleged offenses were factually similar to those involved in case number one. Notwithstanding the previous recusal by Judge Brown in case number one, on June 8, 1998, he executed two warrants or orders for the arrest of Ms. Brown. Based upon this action on his part, Ms. Brown was arrested and transported out of the county to a female confinement facility in Jackson County, where she was required to spend the night.
(e) Judge Brown recognized the identity of Ms. Brown as the subject of the warrants described in subparagraph 3(d), which had been approved by an Assistant State Attorney, and for which probable cause existed. The signing was done as a convenience to the office of the Sheriff because the deputy presenting the warrants for signature would have been forced to travel to Washington County to have the warrants signed by the county judge there. Judge Brown is the only county judge in Holmes County. Judge Brown agrees that his execution of the warrants represented exercise of poor judgment, and that he should have refused to sign the warrants.
(f) Following this arrest, criminal misdemeanor charges were filed against Ms. Brown, being docketed as case number 98-382MM ("case number two") and Judge Brown recused himself from further consideration of any portion of this case by an order dated June 8, 1998 and filed June 23, 1998. Ms. Brown never appeared before Judge Brown in this case.
(g) The direct evidence indicates that Judge Brown's actions in Case Number 1 and Case Number 2 were not intentional abuses of power, and that Judge Brown did not have an improper motive behind his actions in either case.
(h) Judge Brown agrees that his actions in Case Number 1 and Case Number 2 would tend to impair the confidence of the citizens in the integrity of the judicial system, creating a situation for which Judge Brown accepts responsibility and deeply regrets, and acknowledges violations of Canons 1, 2(A) and 3(E), of the Code of Judicial Conduct.
4. Judge Brown has otherwise rendered commendable service to the public during the past twenty years as a conscientious judicial officer. Judge Brown has no record of any prior disciplinary action before the Commission. He is not a member of The Florida Bar. Judge Brown has provided full and free disclosure at all stages of these proceedings. Judge Brown has demonstrated remorse for his actions, and has suffered considerable embarrassment as a result. Judge Brown has demonstrated a cooperative attitude toward these proceedings.
5. The parties agree that appropriate discipline for the described conduct will be a public reprimand by the Supreme Court of Florida, and Judge Brown will not contest a recommendation by the Hearing Panel for such a public reprimand, which will direct him to take all necessary steps to avoid repetition of this conduct in the future.
6. Each party agrees to bear his and its respective costs.
In consideration of the foregoing stipulation, which is self-explanatory, and upon our independent review of the stipulated circumstances that gave rise to the findings of judicial misconduct, we hereby reprimand Judge Robert E. Brown for the improper judicial conduct set out in the stipulation.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.