PER CURIAM.
We reviéw the recommendation of the Judicial Qualifications Commission, (JQC), that Judge Dennis Maloney be disciplined. We have jurisdiction. See art. V, § 12, Fla. Const. We approve the JQC’s findings and recommended sanction.
FACTS
On January 15, 2004, the JQC formally charged Judge Maloney with conduct alleged to violate Canons 1, 2A, and 2B of the Code of Judicial Conduct. The charges against Judge Maloney stem from his actions during the early morning hours of January 10, 2003.
On January 10; 2003, an officer of the Lakeland Police Department, (Lakeland Police), arrested Travis Braddy for driving under the influence of alcohol, in violation of section 316.193,- Florida Statutes (2003). Judge Maloney’s son was a passenger in Braddy’s vehicle, although the judge’s son was not charged with any violations.
Judge Maloney had a close personal relationship with Braddy, having known Braddy and his father for approximately fifteen years. The relationship was such that the judge’s impartiality might reasonably be questioned if Braddy were to appear before him in formal judicial proceedings.
After picking up his son on the morning in question, Judge Maloney contacted the Lakeland Police and, directed, over the objection of the Lakeland Police, that Braddy be released to the custody of his father. Florida law provides that persons arrested for driving under the influence of alcohol may not be immediately released from custody.[1] -Notwithstanding the requirements of section 316.193(9), and based solely *787 upon Judge Maloney’s demands, the Lake-land Police released Braddy to his father on the morning in question.
The JQC found that Judge Maloney’s actions violated Canon l,[2] Canon 2A,[3] and Canon 2B.[4] The actions occurred at a time when Judge Maloney should have been circumspect to avoid any impropriety or the appearance of impropriety or any conduct which might erode public confidence in the integrity and impartiality of the judiciary. Further, the JQC found that Judge Maloney’s actions impaired the confidence of the citizens of this state in the integrity of the judicial system and in him as a judge, constituted conduct unbecoming a member of the judiciary, and warranted discipline. Judge Maloney and the JQC jointly waived a hearing and entered into a stipulation in which the judge admitted the allegations, acknowledged the violation of his duties under the Code of Judicial Conduct, and agreed that a public reprimand was the appropriate discipline in the case.
ANALYSIS
When the JQC presents a case for our review, we are authorized under the Florida Constitution to “accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission” and to “order that the justice or judge be subjected to appropriate discipline.” Art. V, § 12(c)(1), Fla. Const. “This Court reviews the findings of the JQC to determine if they are supported by clear and convincing evidence and reviews the recommendation of discipline to determine whether it should be approved.” In re Pando, 903 So.2d 902, 903 (Fla.2005). While the Court gives the JQC’s findings and recommendations great weight, “the ultimate power and responsibility in making a determination rests with this Court.” In re Davey, 645 So.2d 398, 404 (Fla.1994). Thus, “we review the findings to ensure that there is ‘clear and convincing evidence’ to support the alleged ethical violations” and determine whether to approve the recommendation of discipline. In re Andrews, 875 So.2d 441, 442 (Fla.2004) (quoting In re Kinsey, 842 So.2d 77, 85 (Fla.2003)). Additionally, where the findings of the JQC are supported by clear and convincing evidence, the Court gives the findings *788 persuasive force and great weight in considering the JQC’s recommendation of discipline. See In re Holloway, 832 So.2d 716, 726 (Fla.2002) (finding clear and convincing evidence to support finding that judge used the prestige of. judicial office to request a scheduling favor for a family member from another judge, but insufficient evidence to support conclusion that judge abused her office based on single telephone call to a detective handling a criminal investigation involving a friend). In this case, the parties have entered into a stipulation upon which the JQC’s findings are based.
The JQC found that Judge Maloney’s conduct violated three separate Canons of the Code. Canon 1 requires judges to “participate in establishing, maintaining, and enforcing high standards of conduct,” and to personally observe those high standards. As the commentary to this Canon explains, “[pjublic confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility.” Fla.Code of Jud. Conduct, Canon 1 cmt. Canon 2A requires judges to “respect and comply with the law” and thereby promote “public confidence in the integrity and impartiality of the judiciary.” The commentary explains that “[ijrrespon-sible or improper conduct by judges erodes public confidence in the judiciary.” Fla.Code of Jud. Conduct, Canon 2A cmt. Thus, a judge must avoid both impropriety and the appearance of impropriety. Canon 2B requires judges to not allow their family, social, political, or other relationships to influence their judicial conduct or judgment. Moreover, a judge must not use the prestige of the judicial office to advance the private interests of the judge or others. Accordingly, we find that the stipulated facts support the JQC’s finding that Judge Maloney’s conduct violated Canons 1, 2A, and 2B of the Code of Judicial Conduct.
A public reprimand, as disciplinary action; is consistent with governing precedent regarding sanctions for judicial misconduct where a judge uses the prestige of judicial office to obtain favorable treatment for himself or another individual. See In re Richardson, 760 So.2d 932, 933 (Fla.2000) (finding public reprimand appropriate discipline where judge used prestige of office and made inappropriate comments to police which were designed to obtain favored treatment for judge after he was brought to police station); In re Brown, 748 So.2d 960, 961-62 (Fla.1999) (approving public reprimand for a judge who issued warrants for the arrest of his former daughter-in-law based on her harassing communications to and stalking of the judge’s son); In re Fogan, 646 So.2d 191, 193-94 (Fla.1994) (concluding that writing character reference letter on official court stationery for personal friend who was to be sentenced in federal court warranted public reprimand); In re Glickstein, 620 So.2d 1000, 1002-03 (Fla.1993) (approving public reprimand of judge for writing letter on official court stationery endorsing fellow member of judiciary for retention in office). Moreover, this Court has established the policy that a jurist whose conduct is egregious enough to require public reprimand must appear before the Court for administration of the reprimand. See In re Frank, 753 So.2d 1228, 1242 (Fla.2000).
In recommending a public reprimand as a suitable penalty, the JQC took into account various mitigating circumstances. Judge Maloney has no prior disciplinary history in his twenty-seven-year career on the bench. He is generally regarded as a fair, impartial, and competent jurist. Further, the JQC considered Judge Maloney’s candor before the Investigative Panel and that he testified under oath that he was unaware that his conduct in ordering law *789 enforcement officials to release a DUI suspect from custody constituted a violation of state law.
CONCLUSION
For the reasons expressed, we approve the findings and recommendation of the JQC. Further, we agree with the JQC and hold that a public reprimand is the appropriate discipline in this case. Accordingly, we hereby command Judge Maloney to appear before this Court for administration of a public reprimand at a time to be established by the Clerk of this Court.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.

. Section 316.193, which regulates driving under the influence, provides in pertinent part:
(9) A person who is arrested for a violation of this section may not be released from custody:
(a)Until the person is no longer under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 and affected to the extent that his or her normal faculties are impaired;
(b) Until the person's blood-alcohol level or breath-alcohpl level is less than 0.05; or
(c) Until 8 hours have elapsed from the time the person was arrested.
*787 § 316.193(9), Fla. Stat. (2003).

. Canon 1 is titled, "A Judge Shall Uphold the Integrity and Independence of the Judiciary,” and provides:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
Fla.Code of Jud. Conduct, Canon 1.

. Canon 2 is titled, "A Judge Shall Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities,” and subsection (A) provides:
A. A Judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
Fla.Code of Jud. Conduct, Canon 2A.

.Canon 2B provides:
B. A judge shall not allow family, social, political or other relationships to influence the judge’s judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness.
Fla.Code of Jud. Conduct, Canon 2B.