867 So.2d 379 (2004)
Inquiry Concerning a Judge, re Carven D. ANGEL.
No. SC03-833.
Supreme Court of Florida.
February 19, 2004.
Richard C. McFarlain, Chairman, Tallahassee, FL; Thomas C. MacDonald, Jr., General Counsel, Tampa, FL; Brooke S. Kennerly, Executive Director, Tallahassee, FL; and Marvin E. Barkin, Michael K. Green, and Marie Tomassi of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, for Florida Judicial Qualifications Commission, Petitioner.
*380 Edward C. Cluster of Ayres, Cluster, Curry, McCall, Collins & Fuller, P.A., Ocala, FL, for Judge Angel, Respondent.
PER CURIAM.
We review the recommendation of the Judicial Qualifications Commission ("JQC") that Judge Carven D. Angel receive the sanction of public reprimand for his judicial misconduct. We have jurisdiction. See art. V, § 12, Fla. Const. As explained in more detail below, the JQC's recommendation is approved.
The instant action arose from charges filed against Judge Angel alleging that during his 2002 election campaign for the judgeship he now occupies he engaged in a pattern of improper conduct, namely that he engaged in prohibited partisan political activity. On May 23, 2003, the JQC filed a notice of formal proceedings against Judge Angel charging him with thirteen ethical violations. Judge Angel was charged with violating sections 105.071(1) and (3) of the Florida Statutes (2003),[1] and violating Canon 7 of the Code of Judicial Conduct, specifically sections 7 A(1)(d), 7 A(3), and 7 C(3).[2] The JQC's notice of formal charges set forth in pertinent part the following:

*381 1. During the campaign, on or about June 29, 2002, in violation of § 105.071(1), Florida Statutes, and Canon 7A.(1)(d) and 7C(3), you attended a "Grass Roots BBQ" sponsored by the Marion County Republican Party to which your opponent was not invited, with your wife and daughter where you and they campaigned for your election.
2. During the campaign, on or about July 4, 2002, in violation of § 105.071(1) and Canon 7A.(1)(d) and 7C.(3), you attended and made a campaign speech at the Silver Springs Democratic Club gathering to which your opponent was not invited.
3. During the campaign, in violation of § 105.071(1), Florida Statutes, and Canon 7A.(1)(d) you attended and participated in a regular meeting of the Ocala Republican Women.
4. During the campaign, in violation of § 105.071(1) and Canon 7A.(1)(d), you attended and you and members of your family campaigned for your election at a "Salute to Labor Picnic and Democratic Candidate Rally."
5. During the campaign, on or about August 15, 2002, in violation of § 105.071(1), Florida Statutes, and Canon 7A.(1)(d), you attended and participated in a meeting of the Republican Club of Sumter County.
6. During the campaign on or about August 26, 2002, in violation of § 105.071, Florida Statutes, and Canon 7A.(1)(d), 7A.(3)(c) and 7C.(3), you attended and participated in the Lake County Federated Women Republican's "Meet the Candidate Night" to which your opponent was not invited and knowingly permitted one of your daughters to make a campaign speech on your behalf at that event.
7. During the campaign, in violation of § 105.071(1), Florida Statutes, and Canon 7A.(1)(D) and 7C.(3), you attended the "Dennis Baxley Family Picnic" which was a partisan political gathering to support Republican Dennis Baxley, a Republican candidate for the House of Representatives, to which your opponent was not invited and spoke asking for the votes of the persons present.
8. During the campaign, in violation of § 105.071(1), Florida Statutes, Canon 7A.(1)(d), 7C.(3), and 7A.(3)(c), you knowingly authorized one of your daughters to attend and campaign on your behalf at a "Republican Grass Roots Meeting" in Brooksville, Florida.
9. During the campaign, in violation of § 105.071(1), Florida Statutes, and Canon 7A.(1)(d) and 7A.(3)(c), you knowingly permitted one of your daughters to attend, speak and campaign at a meeting of the Palm Bay Democratic in Marion County, Florida to which your opponent was not invited.
10. During the campaign, in violation of § 105.071(1), Florida Statutes, Canon 7A.(1)(d) and 7A.(3)(c), you knowingly permitted one of your daughters to attend and campaign on your behalf at the Oak Run Republican Club's "Candidate Forum."
11. During the campaign, in violation of § 105.071(1), Florida Statutes, Canon 7A.(1)(d), 7C.(3) and 7A.(3)(c), you knowingly permitted one of your daughters to attend, campaign and speak on your behalf at a meeting of the Silver Springs Shore Democratic Club to which your opponent was not invited.
12. During the campaign, in violation of § 105.071(1), Canon 7A.(1)(d) and 7A.(3)(c), you attended a Marion County *382 Republican Party forum in Ocala and were recognized as a judicial candidate.
13. During the campaign, in violation of § 105.071(3), Florida Statutes, and Canon 7C.(3), you publicly represented yourself and held yourself out as a member of a partisan political party.
On June 13, 2003, Judge Angel answered the formal charge. On August 22, 2003, the JQC and Judge Angel presented a stipulation to this Court pursuant to article V, section 12 of the Florida Constitution, and Florida Judicial Qualifications Commission Rule 6(j). In that stipulation, Judge Angel admitted seven of the thirteen original charges and the impropriety of that conduct, which occurred during the course of his 2002 election campaign.[3] The JQC recommended a public reprimand of Judge Angel. As explained below, based on the stipulated facts, the JQC's recommendation is approved.
This Court "gives the findings and recommendations of the JQC great weight." In re Kinsey, 842 So.2d 77, 85 (Fla.2003). However, "the ultimate power and responsibility in making a determination rests with this Court." Id. (quoting In re Davey, 645 So.2d 398, 404 (Fla. 1994)). This Court "review[s] the findings to ensure that there is `clear and convincing evidence' to support the alleged ethical violationsa standard of proof which has been described as `more than a preponderance of the evidence, but the proof need not be beyond and to the exclusion of a reasonable doubt.'" Id. (quoting Davey, 645 So.2d at 404).
A review of the stipulation entered into by Judge Angel and the JQC, as well as the JQC's findings, demonstrates by clear *383 and convincing evidence that Judge Angel's conduct relating to partisan political functions violated both the spirit and the letter of section 105.071 of the Florida Statutes and Canon 7 of the Code of Judicial Conduct. Judge Angel admitted the conduct alleged, and the impropriety of that conduct, in the stipulation presented by the parties. Judge Angel's own admissions bolster the JQC's findings, which we give great weight as we consider its recommendation of discipline in the instant action. See In re Rodriguez, 829 So.2d 857, 860 (Fla.2002); In re McMillan, 797 So.2d 560, 566 (Fla.2001).
In other cases, this Court has accepted the JQC's recommendation of public reprimand for conduct in violation of Canon 7 of the Code of Judicial Conduct, as well as section 105.071 of the Florida Statutes. See In re Alley, 699 So.2d 1369, 1370 (Fla. 1997) (approving public reprimand for judicial election campaign violations); In re Glickstein, 620 So.2d 1000, 1002-03 (Fla. 1993) (approving public reprimand for violation of Canon 7); In re Turner, 573 So.2d 1, 2 (Fla.1990) (same); In re Kay, 508 So.2d 329, 330 (Fla.1987) (approving public reprimand for violation of Canon 7 as well as section 105.071, Florida Statutes); In re Pratt, 508 So.2d 8, 9-10 (Fla. 1987) (same). Certainly, in very egregious cases, where a judge's misconduct included implications that he or she would make partisan decisions on the bench, the JQC has recommended a substantial fine in addition to a public reprimand and even removal. See In re Kinsey, 842 So.2d at 92 (approving the JQC's recommendation that a substantial fine in addition to a public reprimand was warranted where a judge's misconduct included "improper campaign statements which imply that, if elected, the judicial candidate will favor one group of citizens over another or will make rulings based upon the sway of popular sentiment in the community"); In re McMillan, 797 So.2d at 572 (approving the JQC's recommendation of removal where the judge's "misconduct during the campaign reflect[ed] a candidate seeking to be elected upon promises of partiality" and the judge's "misconduct on the bench ... reflect[ed] a willingness to sit in judgment in the face of a blatant conflict of interest and personal bias"). Based on the stipulated facts in the instant action, the JQC recommended only that Judge Angel be publicly reprimanded for his misconduct. We accept the JQC's recommendation of a public reprimand for Judge Angel, which is consistent with governing precedent with regard to the appropriate sanction for this type of judicial misconduct.
In accordance with the policy announced in In re Frank, 753 So.2d 1228, 1242 (Fla.2000), where we concluded that when the conduct of a jurist is egregious to the extent that it requires a public reprimand, the defaulting jurist must appear before this Court, we hereby command Judge Carven D. Angel to appear before this Court for the administration of a public reprimand at a time to be established by the clerk of this Court.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Section 105.071 of the Florida Statutes (2003) provides in relevant part:

A candidate for judicial office shall not:
(1) Participate in any partisan political party activities, except that such candidate may register to vote as a member of any political party and may vote in any party primary for candidates for nomination of the party in which she or he is registered to vote.
. . . .
(3) Publicly represent or advertise herself or himself as a member of any political party.
§ 105.071(1), (3), Fla. Stat. (2003).
[2] Canon 7 of the Code of Judicial Conduct provides in pertinent part:

A JUDGE OR CANDIDATE FOR JUDICIAL OFFICE SHALL REFRAIN FROM INAPPROPRIATE POLITICAL ACTIVITY
A. All Judges and Candidates.
(1) Except as authorized in Sections 7B(2), 7C(2) and 7C(3), a judge or a candidate for election or appointment to judicial office shall not:
. . . .
(d) attend political party functions;
. . . .
(3) A candidate for a judicial office:
(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of the judiciary, and shall encourage members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;
(b) shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate's direction and control from doing on the candidate's behalf what the candidate is prohibited from doing under the Sections of this Canon;
(c) except to the extent permitted by Section 7C(1), shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing under the Sections of this Canon;
. . . .
C. Judges and Candidates Subject to Public Election.
. . . .
(3) A judicial candidate involved in an election or re-election, or a merit retention candidate who has certified that he or she has active opposition, may attend a political party function to speak in behalf of his or her candidacy or on a matter that relates to the law, the improvement of the legal system, or the administration of justice. The function must not be a fund raiser, and the invitation to speak must also include the other candidates, if any, for that office. The candidate should refrain from commenting on the candidate's affiliation with any political party or other candidate, and should avoid expressing a position on any political issue. A judicial candidate attending a political party function must avoid conduct that suggests or appears to suggest support of or opposition to a political party, a political issue, or another candidate. Conduct limited to that described above does not constitute participation in a partisan political party activity.
Fla.Code Jud. Conduct, Canon 7.
[3] The seven violations Judge Angel admitted correspond to charges 3 through 7, 12, and 13 of the notice of formal charges. Specifically, the stipulation encompassed the following charges:

1. During the campaign, in violation of section 105.071(1) of the Florida Statutes and Canon 7A(1)(d) of the Code of Judicial Conduct, you attended and participated in a regular meeting of the Ocala Republican Womens Club.
2. During the campaign, in violation of section 105.071(1) of the Florida Statutes and Canon 7A(1)(d) of the Code of Judicial Conduct, you and members of your family attended and campaigned for your election at a "Salute to Labor Picnic and Democratic Candidate Rally."
3. During the campaign, on or about August 15, 2002, in violation of section 105.071(1) of the Florida Statutes and Canon 7A(1)(d) of the Code of Judicial Conduct, you attended and participated in a meeting of the Republican Club of Sumter County.
4. During the campaign, on or about August 26, 2002, in violation of section 105.071 of the Florida Statutes and Canon 7A(1)(d), 7A(3) and 7C(3) of the Code of Judicial Conduct, with your knowledge, your wife attended and participated on your behalf in the Lake County Federated Women Republican's "Meet the Candidate Night." Your wife assumed your opponent was invited, but your opponent was not invited and was not present.
5. During the campaign, in violation of section 105.071(1) of the Florida Statutes and Canon 7A(1)(d) and 7C(3) of the Code of Judicial Conduct, you attended the "Dennis Baxley Family Picnic," which was a partisan political gathering to support Republican Dennis Baxley, a candidate for the House of Representatives, to which your opponent was not invited and you spoke asking for the votes of the persons present.
6. During the campaign, in violation of section 105.071(1) of the Florida Statutes and Canon 7A(1)(d) and 7C(3) of the Code of Judicial Conduct, you attended a Marion County Republican Party forum in Ocala and were recognized as a judicial candidate.
7. During the campaign, in violation of section 105.071(3) of the Florida Statutes and Canon 7C(3) of the Code of Judicial Conduct, when asked about your political party affiliation, you identified yourself as a member of a partisan political party and thus held yourself out as a member of a partisan political party.