# Supreme Court of Florida

_____

No. SC14-136

_____

**INQUIRY CONCERNING A JUDGE, NO. 13-309
RE: BRENDA TRACY SHEEHAN.**

[May 15, 2014]

PER CURIAM.

In this case, we review the Findings and Recommendation of Discipline of the Florida Judicial Qualifications Commission (JQC) that recommends Judge Brenda Tracy Sheehan of the Circuit Court for the Thirteenth Judicial Circuit receive the sanction of a public reprimand. We have jurisdiction. See art. V, § 12, Fla. Const. For the reasons that follow, we approve the JQC's findings and recommendation of discipline.

**I.**

The JQC filed charges against Judge Sheehan, alleging that on the night of July 5, 2013, Judge Sheehan was observed driving erratically. Upon being stopped by law enforcement, Judge Sheehan was given field sobriety tests and was

transported to the Hillsborough County Jail. Two Breathalyzer tests administered at the Hillsborough County Jail showed that Judge Sheehan had a breath-alcohol level of .171 and .161. Both scores were more than double Florida's legal limit for breath-alcohol level of .08. See § 316.193(1)(c), Fla. Stat. (2011). On August 23, 2013, Judge Sheehan pleaded guilty to the charge of driving under the influence.

The JQC alleged that Judge Sheehan's conduct violated Canon 1 and Canon 2A of the Code of Judicial Conduct. Canon 1 states: "A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved." Canon 2A states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

In January 2014, the JQC and Judge Sheehan entered into a stipulation and filed it with this Court. The stipulation outlined the same facts alleged in the JQC's charges. The stipulation also noted that Judge Sheehan had never before been charged with driving under the influence and that the driving under the influence charge at issue in this case did not result in any personal injury or property damage. In the stipulation, Judge Sheehan accepted full responsibility for her wrongdoing. The stipulation also indicated that Judge Sheehan has taken steps to ensure that there will be no recurrence of such misconduct.

The stipulation incorporated the JQC's Findings and Recommendation of Discipline. In its Findings and Recommendation, the JQC concluded that Judge Sheehan violated Canons 1 and 2A of the Code of Judicial Conduct. The JQC recommended a public reprimand based on this Court's acceptance of public reprimands for similar misconduct in In re Nelson, 95 So. 3d 122 (Fla. 2012), In re Esquiroz, 654 So. 2d 558 (Fla. 1995), and In re Gloeckner, 626 So. 2d 188 (Fla. 1993).

## II.

Article V, section 12 of the Florida Constitution provides that in cases of judicial misconduct, this Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the [JQC] and it may order that the . . . judge be subjected to appropriate discipline." Art. V, § 12(c)(1), Fla. Const. "Although this Court gives the findings and recommendations of the JQC great weight, the ultimate power and responsibility in making a determination to discipline a judge rests with this Court." In re Renke, 933 So. 2d 482, 493 (Fla. 2006) (citing In re Angel, 867 So. 2d 379, 382 (Fla. 2004)). In this case, the JQC recommended that Judge Sheehan be publicly reprimanded. Because the JQC's recommended discipline is consistent with this Court's precedent, we approve the recommendation.

In Nelson, the JQC determined that Judge Nelson violated Canons 1 and 2A of the Code of Judicial Conduct by driving under the influence. 95 So. 3d at 122-23. After the JQC and Judge Nelson entered into a stipulation, which noted that Judge Nelson's driving under the influence arrest was an isolated incident and Judge Nelson had accepted full responsibility for her actions, this Court accepted the JQC's recommendation of a public reprimand for Judge Nelson. Id. at 123, 126. Similarly, in Esquiroz, the Court accepted the JQC's recommendation of a public reprimand after the JQC and Judge Esquiroz entered into a stipulation concerning Judge Esquiroz's plea of nolo contendere to the charge of driving under the influence. 654 So. 2d at 558-59. The stipulation noted that Judge Esquiroz's arrest for driving under the influence was an isolated incident and Judge Esquiroz apologized for her actions. Id. at 558.

Judge Sheehan's conduct at issue in this case—driving under the influence of alcohol—is reprehensible. Judge Sheehan's action of driving under the influence not only violated Florida's criminal law but also endangered the public. Such disregard of criminal law and public safety undermines the public's confidence in the integrity of the judiciary and will not be tolerated.

**III.**

In summary, we accept the JQC's recommendation of a public reprimand. We order Judge Sheehan to appear before this Court for the administration of a

public reprimand at a time to be set by the Clerk of this Court.  See In re Frank, 753 So. 2d 1228, 1242 (Fla. 2000).

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Ricardo Morales, III, Chair, and Michael Louis Schneider, General Counsel, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Scott K. Tozian of Smith, Tozian & Daniel and Davis, Tampa, Florida

for Judge Brenda Tracy Sheehan, Respondent