# Supreme Court of Florida

_____

No. SC13-2263

_____

**INQUIRY CONCERNING A JUDGE, NO. 12-551
RE: DEBRA L. KRAUSE**

[June 26, 2014]

PER CURIAM.

We approve of the below Stipulation and the Judicial Qualifications

Commission's Findings and Recommendation of Discipline that Judge Debra L.

Krause receive a public reprimand and a fine of $25,000.

It is so ordered.

## **STIPULATION**

In this disciplinary proceeding, the Investigative Panel of the Florida Judicial

Qualifications Commission and Judge Debra L. Krause, Seminole County Judge,

present the following stipulation to this Court pursuant to [a]rticle V, [s]ection 12

of the Florida Constitution and [r]ule 6(j) of the Florida Judicial Qualifications

Commission's Rules.

1. Under [r]ule 6(j), the Investigative Panel "may reach agreement with a judge on discipline or disability, and such stipulation shall be transmitted directly to the Supreme Court, to accept, reject or modify in whole or in part."

2. A Notice of Investigation dated January 24, 2013 was served on Judge Krause. A hearing before the Investigative Panel was held in Tampa, Florida on April 11, 2013[,] at which Judge Krause appeared and testified. The Investigative Panel requested additional materials, which Judge Krause timely provided. Finally the Investigative Panel concluded that probable cause existed for the filing of Formal Charges.

3. In light of Judge Krause'[s] responses to the Panel's inquiries, the Investigative Panel respectfully submits that the interest of justice and sound judicial administration are best served by entering into this Stipulation regarding the matters at issue and by the Findings and Recommendations which accompany this Stipulation.

4. The allegations of violations of the [j]udicial [c]anons arise as a result of her campaign for judicial office. During the course of that campaign several violations arose.

5. In the campaign Judge Krause donated $250.00 from her campaign account to purchase an event table which entitled the candidate to speak for 3 minutes. This event was described in a letter from the Chairman of the Seminole

County Republican Party, as "an important political event because it enables the Party to raise money to be used for campaign activities."

6. During the campaign Judge Krause failed to include the word "for" between the candidate's name and the office being sought contrary to [s]ection 106.143(6), which she was required to do since she was not an incumbent. This is illustrated in the attached Exhibits A, B, and C. [Exhibits omitted from opinion.] Judge Krause admits that some of her early campaign materials were improper and when brought to her attention she took immediate affirmative steps to remedy this error.

7. All candidates for office are required to file accurate reports of campaign contributions and campaign expenditures. Candidates when qualifying must also file a "Form 6, Full and Public Disclosure of Financial Interest."

8. Judge Krause reported over $82,000 in "loans" to her campaign which were identified as from "Candidate to Themselves." In fact, a substantial portion of the funds were monies earned by her husband during the [c]ampaign and were maintained in independent accounts solely owned in her husband's name. Although Judge Krause may be correct in considering these monies to be part of the marital estate, because her husband solely owned the accounts, this contravened the statutory prohibition from family members making contributions to a campaign in excess of $500.

9. Judge Krause accepts full responsibility for the conduct set forth above, admits that it should not have occurred and regrets and apologizes for such conduct. Judge Krause denies that she intended to violate the applicable campaign laws and associated [c]anons, and contends that at the time she acted in the good faith belief that such conduct was appropriate. Judge Krause now acknowledges that her understanding of the effect of the foregoing actions in light of the judicial canons was erroneous.

10. Guided by the circumstances set forth above and the decisions in In re Ro[d]riguez, 829 So. 2d 857 (Fla. 2002), In re Pando, 903 So. 2d 902 (Fla. 2005), and In re Colodny, 51 So. 3d 430 (Fla. 2010), the Investigative Panel and Judge Krause have reached an agreement. Consequently, the Investigative Panel has filed Findings and Recommendations of Discipline with the Court concurrently with this Stipulation. Judge Krause does not contest the Findings and Recommendations and waives a plenary hearing before the Hearing Panel of the Florida Judicial Qualifications Commission, if the Recommendations are accepted by the Court.

11. The parties acknowledge and understand that this Stipulation and attached Findings and Recommendations of Discipline are subject to the review and approval of this Court. The parties acknowledge and understand that this Stipulation and Findings and Recommendations of Discipline may be rejected by

the Court, and in that event this matter may be returned to the Hearing Panel for a final plenary hearing. In such event, the parties agree that none of the statements in the Stipulation or the Investigative Panel's Findings and Recommendations of Discipline are admissible in that hearing for any purpose. The parties further agree that none of the negotiations related to this Stipulation are admissible for any purpose.

12. The parties agree that oral argument before this Court is not necessary in light of the record, the nature of the charges, the contents of this Stipulation, and the attached Findings and Recommendation of Discipline. As previously noted, Judge Krause waives her right to further hearings if they are accepted.

## FINDINGS AND RECOMMENDATION OF DISCIPLINE

The Florida Judicial Qualifications Commission (the "JQC") served a Notice of Investigation on Circuit Judge Debra L. Krause, Fifth Circuit, pursuant to [r]ule 6(b) of the Florida Judicial Qualification[s] Commission Rules.

The Investigative Panel of the Commission has now entered into a Stipulation with Judge Krause in which Judge Krause admits that her conduct, in conducting her campaign for judicial office was improper. This conduct violated 1, 6B, 7A(1), 7A(3) and 7C(3) of the Code of Judicial Conduct, and sections 106.07, 106.08, and 106.14, and 106.143(6)[,] Florida Statutes, as set forth in the Stipulation submitted herewith.

Judge Krause admits that she purchased a table at a Republican Party fundraiser with funds from her campaign account contrary to the non-partisan nature of judicial elections. This contravenes section 106.143(6), Florida Statutes[,] and [c]anon 7 of the Code of Judicial Conduct.

Judge Krause further admits that some of her early campaign materials failed to contain the necessary qualifier "for" as required for non-incumbent candidates. This contravened section 106.000, Florida Statutes.

Judge Krause also accepted funds from her husband in excess of the $500 contribution limit imposed by campaign law. This violated section 106.000, Florida Statu[t]es.

Judge Krause has been cooperative, responsive, and forthright with the panel, and has admitted the foregoing. She accepts full responsibility, and acknowledges that such conduct should not have occurred. Judge Krause has maintained that the campaign violations were inadvertent and were corrected when discovered. Judge Krause has explained that the contributions she received from her spouse, she believed to be accurately described as in her campaign disclosure forms, but now recognizes that this understanding was improper because the accounts were solely owned and controlled by her husband, even though they considered them to be part of the marital estate.

The Judicial Qualifications Commission has concluded that while the judge's conduct was improper, it resulted from inadvertence or from mistake. [Nonetheless], the Commission is bound by controlling precedent in judicial elections cases that such transgressions are not to be treated lightly. Accordingly, the Commission therefore finds and recommends that [] the appropriate sanction is a public reprimand of Judge Krause along with a fine of $25,000.

POLSTON, C.J., and PARIENTE, QUINCE, CANADY, and LABARGA, JJ., concur.
LEWIS, J., dissents with an opinion.
PERRY, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.


LEWIS, J., dissenting.

While I recognize that this Court has the authority to impose fines for ethical violations committed by judges and judicial candidates, I continue to oppose the utilization of large fines to punish serious violations of the Code of Judicial Conduct. See In re Pando, 903 So. 2d 902, 904-05 (Fla. 2005) (Lewis, J., specially concurring); In re Kinsey, 842 So. 2d 77, 99 (Fla. 2003) (Lewis, J., concurring in part, dissenting in part). Faith and confidence in our judicial system is rooted in the ability to rely upon the integrity and independence of our judges. That confidence is severely undermined when an ethical transgression of a judge or judicial candidate is so severe that it justifies the imposition of a fine of this

magnitude.  See In re Kinsey, 842 So. 2d at 99 (Lewis, J., concurring in part, dissenting in part) (concluding that "if the actions are so reprehensible that the majority believes the imposition of a $50,000 fine is justified, those actions must certainly justify removal from the office so tainted.  Selecting an enormous fine as discipline only sends the message that 'anything goes' in judicial elections if a candidate has the financial ability to pay the monetary consequences.").

Original Proceeding – Judicial Qualifications Commission

Michael Louis Schneider, General Counsel, Tallahassee, Florida,

     for Florida Judicial Qualifications Commission, Petitioner

Larry Gibbs Turner, Gainesville, Florida,

     for Judge Debra L. Krause