# Supreme Court of Florida

_____

No. SC21-546

_____

**INQUIRY CONCERNING A JUDGE NO. 19-351 RE: MARNI A.
BRYSON.**

November 24, 2021

PER CURIAM.

In this case, we consider the findings and recommendations of
the Florida Judicial Qualifications Commission (JQC) concerning
Palm Beach County Judge Marni Bryson, as well as the stipulation
entered into by Judge Bryson and the JQC. We approve the parties'
stipulation that Judge Bryson be publicly reprimanded, suspended
without pay for ten days, and pay a $37,500.00 fine, because she
acted inappropriately by failing to devote full time to her judicial
duties.

This case arises from events that occurred between 2016 and
2019. As stipulated by the parties and as set forth in the JQC's
Findings and Recommendation of Discipline:

The Commission investigated allegations that Judge Bryson was absent from the Courthouse beyond the permitted number of days for judicial leave, failed to make appropriate notifications of some absences to appropriate court management, and on some days she was in the courthouse the number of hours present fell below what is expected of trial judges.

The Commission's investigation found that during the period from 2016 to 2019, Judge Bryson was absent from the courthouse in excess of the number of days authorized for judicial leave. On most of those occasions, she failed to properly notify or make coverage arrangements with court management. There were also some days when Judge Bryson was in the courthouse for less than a full workday.

For example, the Commission received evidence of several instances, two specific occasions of particular note, where long wait times because of Judge Bryson's arrival after the scheduled time for the proceedings inconvenienced litigants, lawyers, and citizens. Judge Bryson's failure to notify and make arrangements with court management led to fellow judges having to preside over Judge Bryson's docket until her late arrival.

Based on these events, the JQC concluded that Judge Bryson's conduct violated Canons 3A and 3B(4) of the Florida Code of Judicial Conduct.[1] Judge Bryson admitted her conduct in the Stipulation and conceded that such conduct was improper.

---

1. "The judicial duties of a judge take precedence over all the judge's other activities." Fla. Code of Jud. Conduct, Canon 3A. "A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an

After finding that Judge Bryson's actions violated Canons 3A and 3B(4), the JQC noted that some of Judge Bryson's absences would have been approved had appropriate court management been informed. Judge Bryson voluntarily handled felony cases for circuit court judges, volunteered for more night and weekend duty than required, and she served as an administrative judge for her county court.

Furthermore, the JQC noted that Judge Bryson's attendance and notification of absence has improved since being made aware of the JQC's investigation. Judge Bryson has no prior discipline as a judge and no disciplinary history with The Florida Bar. Both Judge Bryson and her counsel were cooperative during the JQC's investigative process.

"The supreme court may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the [JQC] . . . ." Art. V, § 12(c)(1), Fla. Const. A judge's "admissions bolster the JQC's findings, which we give great weight as we

official capacity, and shall require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control." Fla. Code of Jud. Conduct, Canon 3B(4).

- 3 -

consider its recommendation of discipline in the instant action." *In re Angel*, 867 So. 2d 379, 383 (Fla. 2004) (citations omitted).

We approve the Stipulation entered by Judge Bryson and the JQC. Consequently, Judge Marni Bryson is ordered to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court, is suspended without pay for a period of ten days, and is ordered to pay a $37,500.00 fine. The effective date of suspension shall be on a date within thirty days of the issuance of this opinion as determined by the Chief Judge of the Fifteenth Judicial Circuit. Once the effective date is determined, the Court Administrator for the Fifteenth Judicial Circuit shall submit a personnel action request (PAR) form to the Personnel Office of the Office of the State Courts Administrator for processing.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and GROSSHANS, JJ., concur.
COURIEL, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Honorable Michelle Morley, Chair, and Alexander J. Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida; Henry M. Coxe III and Brian T. Coughlin of Bedell, Dittmar, Devault, Pillans & Coxe, Special Counsel, Judicial Qualifications Commission, Jacksonville, Florida; and Lauri Waldman Ross of Ross & Girten, Counsel, Judicial Qualifications Commission, Miami, Florida,

 for Florida Judicial Qualifications Commission, Petitioner

Robert J. Watson, Stuart, Florida,

 for Judge Marni A. Bryson, Respondent