# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-0924

_____

DAPHNE CAMPBELL,

    Appellant,

    v.

FLORIDA COMMISSION ON
ETHICS,

    Appellee.

_____

On appeal from the Florida Commission on Ethics.
John Grant, Chair.

November 20, 2024

NORDBY, J.

Daphne Campbell challenges the conclusion of the Florida Commission on Ethics that she filed an inaccurate financial disclosure form as a candidate for public office. We affirm.

I.

Campbell represented part of Miami-Dade County (District 38) in the Florida Senate from 2016 until 2018. To run for that office, Campbell had to file a Form 6—a full and public disclosure of financial interests. This form requires all candidates for public office to disclose information like a candidate's assets, liabilities, and net worth. The form instructs candidates to identify and state

the value of any asset worth more than $1,000. They also must disclose liabilities that exceed $1,000, listing the name and address of each creditor and the liability amount. The valuation of these assets and liabilities is tied to the reporting date—the date a candidate selects to report their net worth.

Seeking re-election to the Florida Senate in 2018, Campbell filed her Form 6 with the Florida Department of State as part of her candidate qualifying papers. She chose June 15, 2018, as her reporting date. Soon after, Campbell's primary election opponent filed a complaint against her with the Commission. That opponent, Jason Pizzo, challenged Campbell's Form 6 disclosure as inaccurate in violation of article II, section 8 of the Florida Constitution and section 112.3144, Florida Statutes. Among Pizzo's allegations was that Campbell did not disclose a $41,000 construction lien as a liability. Pizzo also alleged that Campbell listed a Miami home as an asset after she had conveyed it to a limited liability company (LLC) via a quitclaim deed.

The Commission investigated. And an administrative law judge (ALJ) at the Division of Administrative Hearings (DOAH) heard the case. The parties offered up evidence about Campbell's ownership of the Miami home. Throughout 2018, ownership of the property was transferred several times. Evidence of these transactions included a recorded deed, executed on May 19, 2018, in which Campbell and her husband transferred ownership of the Miami home to an LLC. There was also a quitclaim bill of sale indicating that title to the property was conveyed for $1. The notarized deed bore Campbell's signature and driver's license number.

Campbell denied signing the deed and disclaimed having agreed to the transfer of ownership. She testified that she was unaware of the deed, did not authorize its notarization, and had maintained continuous ownership of the property since she purchased it in January 2009. She claimed she was not present for the deed's signing and did not receive any compensation from the sale. She also testified that while she owned the property, it was not her physical address. Rather, her son and his family lived there.

As for the construction lien, the evidence showed that the lien claim was dated March 2, 2018, and was signed by Pierre Richard Raymond, the President of MPR Construction, Inc. The claim stated that Campbell was personally liable for unpaid labor, time, and materials concerning work at the Miami property during January and February 2018. The claim revealed that $41,000 was still owed, and that, on January 16, 2018, notice of the outstanding balance had been sent by certified mail to Campbell.

Campbell testified about the lien. After a hurricane damaged the Miami property, she hired MPR Construction, Inc., to repair the damage. She signed the contract with the company and simultaneously filed an insurance claim for the repair costs. As she was not personally living at the home, her son handled all contact with the construction company. Campbell also claimed that because she was not personally living at the home, she did not receive notice and was unaware of the construction lien.

During his testimony, Raymond confirmed that he filed the construction lien to ensure that the company would be paid for its work on the Miami property. He also confirmed that notice of the amount owed was sent to the address. He testified that he mainly dealt with Campbell's son and never saw Campbell at the property. Yet he expected Campbell to pay the outstanding balance if her insurance company denied coverage. Raymond stated the lien was satisfied in full on August 7, 2018.

Following the hearing, the ALJ outlined her factual findings in a recommended order. First, regarding the Miami home, the ALJ found that it was undisputed that the quitclaim deed existed and was properly recorded. The quitclaim deed, dated May 19, 2018, conveyed away Campbell's interest in the property. The ALJ found that Campbell's testimony that she did not know about the deed was not credible. The ALJ found that Campbell "evaded the questions and ultimately did not articulate any direct answers." The ALJ also determined that "the inherent reliability of a recorded instrument cannot be overcome by [Campbell's] vague and illogical denial of its authenticity." The ALJ concluded that Campbell did not have an ownership interest in the property on the reporting date, and she erred in disclosing it as an "asset" on her Form 6.

3

Second, regarding the construction lien, the ALJ found that Campbell was personally liable for payment if the insurance company denied coverage. The ALJ further found that the lien was properly recorded, it was pending on the reporting date, and it exceeded $1,000. Thus, the ALJ concluded that the lien should have been reported as a liability on the Form 6.

In her order, the ALJ recommended that the Commission find that Campbell had violated article II, section 8 of the Florida Constitution, and section 112.3144, Florida Statutes, by filing an inaccurate Form 6.

After a public hearing, the Commission rendered a final order adopting the ALJ's factual findings. The Commission concluded that Campbell violated article II, section 8 of the Florida Constitution, and section 112.3144, Florida Statutes. The Commission recommended a civil penalty of $22,500 ($7,500 per violation), as well as a public censure and reprimand. The Commission also forwarded a report of the violations and recommended penalties to the Speaker of the Florida House of Representatives and the President of the Florida Senate (under section 112.324(8), Florida Statutes). This timely appeal follows.

II.

Since 1976, article II, section 8 of the Florida Constitution has required "all elected constitutional officers and candidates for such offices" to file a "full and public disclosure of their financial interests." Art. II, § 8(a), Fla. Const. Those who fail to properly report their financial interests are subject to an investigation by the Florida Commission on Ethics. Art. II, § 8(g), (j)(3), Fla. Const.

The Legislature has reinforced this constitutional framework through general law. Section 112.3144, Florida Statutes, provides that an official required to file a financial disclosure under article II, section 8 of the Florida Constitution must submit that information to the Commission. § 1121.3144(1)(a), Fla. Stat. If a person fails or refuses to complete such a disclosure, the Commission must initiate an investigation and conduct a public hearing. § 112.3144(9), Fla. Stat.

4

But the Commission must also comply with the procedural requirements of Florida's Administrative Procedure Act, codified in Chapter 120, Florida Statutes. *Goin v. Comm'n on Ethics*, 658 So. 2d 1131, 1138 (Fla. 1st DCA 1995) (citing *State, Comm'n on Ethics v. Sullivan*, 449 So. 2d 315, 316–17 (Fla. 1st DCA 1984), *petition for review denied*, 458 So. 2d 271 (Fla. 1984)); *cf.* Fla. Admin. Code R. 34-5.010 ("Public hearings may be conducted by the full Commission, by a single Commission member, or by the Division of Administrative Hearings, as directed by the Chair of the Commission after considering the Commission's workload. The Commission may refer the matter by letter to the Division of Administrative Hearings for the appointment of an administrative law judge."). Under section 120.57(1), Florida Statutes, a party subject to an adverse agency action is entitled to a hearing to resolve disputed issues of material fact. § 120.57(1), Fla. Stat. Thus, the Commission referred Campbell's case to an ALJ at DOAH to make factual findings. It was only after the ALJ made findings that the Commission proceeded to conduct a public hearing, issue its final order, and forward its disciplinary recommendations to the appropriate officials. § 112.3144(9), Fla. Stat; *see also Heifetz v. Dep't of Bus. Regul., Div. of Alcoholic Beverages & Tobacco*, 475 So. 2d 1277, 1281 (Fla. 1st DCA 1985) (providing that it is the hearing officer's function to "reach ultimate findings of fact based on competent, substantial evidence"); § 112.324, Fla. Stat. (establishing the appropriate disciplinary officials for ethics violations). The Commission must adopt the ALJ's factual findings when they are based on competent, substantial evidence. § 120.57(1)(l), Fla. Stat.

## III.

Campbell primarily challenges the Commission's factual findings, which we review for competent, substantial evidence.[*]

---

[*] Because Campbell's reply brief raised several entirely new arguments, we do not consider them. *Tillery v. Fla. Dep't of Juv. Just.*, 104 So. 3d 1253, 1255–56 (Fla. 1st DCA 2013) ("As we have previously stated, an argument not raised in an initial brief is

*Robinson v. Comm'n on Ethics*, 242 So. 3d 467, 470–71 (Fla. 1st DCA 2018) (first citing § 120.68(7)(b), Fla. Stat.; and then citing *Blackburn v. Comm'n on Ethics*, 589 So. 2d 431, 436 (Fla. 1st DCA 1991)). We review the Commission's legal conclusions de novo. *Id.* (first citing § 120.68(7)(d), Fla. Stat.; and then citing *Brown v. Comm'n on Ethics*, 969 So. 2d 553, 556 (Fla. 1st DCA 2007)).

We begin with Campbell's challenge to the Commission's finding that she did not own the Miami property in June 2018 and should not have reported it as an asset on her Form 6. Competent, substantial evidence supports this finding. On May 19, 2018, before the reporting date of June 15, 2018, a notarized quitclaim deed was executed conveying ownership of the Miami property from Campbell and her husband to an LLC. This document had Campbell's signature and driver's license number. There was a quitclaim bill of sale attached, which reflected that the property was transferred for $1 in consideration. These deeds were recorded with the Miami-Dade County Clerk of Court on May 23, 2018.

Yes, Campbell testified that she did not authorize or sign the deeds. But given the conflicting evidence, the ALJ assessed the credibility of witnesses and weighed the evidence. *Stinson v. Winn*, 938 So. 2d 554, 555 (Fla. 1st DCA 2006) ("Credibility of the witnesses is a matter that is within the province of the administrative law judge, as is the weight to be given the evidence."). The ALJ ultimately concluded that Campbell's testimony was not credible. For this reason, the ALJ found that the record evidence had greater weight. Now, Campbell essentially argues that this Court should reweigh the evidence, find her testimony credible, and reach a different conclusion. This we cannot do. As there is competent, substantial evidence supporting the challenged finding, this Court may not reject the ALJ's factual findings. *Demichael v. Dep't of Mgmt. Servs., Div. of Ret.*, 334 So. 3d 691, 695 (Fla. 1st DCA 2022) (citing § 120.68(7)(b), Fla. Stat.).

Campbell further argues that the Commission needed to present evidence contradicting her "credible" testimony. To prove

waived and may not be raised for the first time in a reply brief." (citing *Goings v. State*, 76 So. 3d 975, 980 (Fla. 1st DCA 2011))).

a violation, the Commission's burden was to show, by clear and convincing evidence, that Campbell disclosed the property as an asset even though she did not have an ownership interest in it. *See Latham v. Fla. Comm'n on Ethics*, 694 So. 2d 83, 84 (Fla. 1st DCA 1997) ("[T]he Commission must require proof by clear and convincing evidence before recommending the penalties available for a public officer[.]"). The ALJ found that the Commission had proven this violation by clear and convincing evidence. Thus, the Commission was not—as Campbell suggests—required to provide an explanation or motivation for her actions.

Next, we turn to the Commission's finding that Campbell should have reported the construction lien as a liability on her Form 6. Campbell doesn't dispute the existence of the lien. Rather, she argues that the Commission failed to address that she was unaware of the lien because she did not live at the property. She claims that, because she did not know about the lien, the adjudicatory process was unfair and led to a lack of competent, substantial evidence.

On this point, for construction liens, "[t]he recording of the claim of lien shall be constructive notice to all persons of the contents and effect of such claim." § 713.08(5), Fla. Stat. Here, Campbell personally signed the contract, signaling that she was aware of the construction on the property. The lien was accepted and recorded by the Miami-Dade County Clerk of Court. Therefore, the recording of the deed provided Campbell with proper statutory notice.

We also note that, even after Campbell received notice of the Commission's investigation, she never filed an amended Form 6 listing the construction lien as a liability, further weakening her claim that she did not report it because she lacked knowledge. *See In re Colodny*, 51 So. 3d 430, 432 (Fla. 2010) (reasoning that a judge's misconduct was less serious partly because after receiving notice of the investigation, she filed an amended Form 6).

Because there was competent, substantial evidence supporting the findings, we affirm the Commission's final order.

AFFIRMED.

LEWIS and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

James Jean-Francois of James Jean-Francois, P.A., Hollywood, for Appellant.

Melody A. Hadley, Advocate for the Florida Commission on Ethics, Office of the Attorney General; Steven J. Zuilkowski, General Counsel, and Grayden P. Schafer, Assistant General Counsel, Florida Commission on Ethics, Tallahassee, for Appellee.