PER CURIAM.
We have for review a stipulation for discipline in a judicial qualifications proceeding under article V, section 12, Florida Constitution. We approve the stipulation and the discipline recommended therein.

Proceedings Before JQC

The case at bar arises from formal charges brought by the Judicial Qualifications Commission (JQC) against Judge Robert F. Diaz. In the Notice of Formal Charges, the JQC accuses Judge Diaz of sending inappropriate emails to a fellow judge and to the Broward County Hispanic Bar Association. The JQC’s notice states in pertinent part:
On or shortly after January 19, 2004, you sent an anonymous e-mail to fellow County Judge Lee Seidman enclosing a news article concerning a circuit judge who had been criticized for reporting illegal immigrants to the federal authorities when he became aware of their status during hearings. In this email you stated, “Isn’t this what you used to do in Hollywood (Florida)? We remember.” In this message you had reference to an alleged practice of Judge Seidman of a similar nature, which apparently included a number of defendants of Hispanic ancestry. You later sent a similar message to the Hispanic Bar Association of Broward County to call its attention to the alleged practices of Judge Seidman. Under the circumstances, the recipient deemed the message to be abusive and to threaten retaliation at the polls from those of Hispanic ancestry.
To exacerbate this matter you later sent a similar message to the President of the Hispanic Bar Association of Bro-ward County to call its attention to the alleged practice of Judge Seidman.
Subsequently, Judge Diaz entered into a factual stipulation with the JQC waiving his rights to a trial, admitting the charges, and accepting the sanctions recommended by the panel.
Thereafter, the JQC panel made its findings and recommendations. In the findings, the panel stated in pertinent part:
The panel takes a very dim view of the conduct of the respondent in this matter, which involves a serious offense. He in fact sent an implied threat of organized group retaliation because of alleged actions of a fellow judge, and to exacerbate matters sent a copy to a local ethnic bar association. Such conduct is deplorable, and were it not for the respondent’s lack of prior disciplinary history and his acknowledgment of his conduct, the panel would consider forwarding this matter for trial and a more severe penalty. The period of suspension would be greater but for the burden placed on the respondent’s colleagues.
The stipulation agreed to by Judge Diaz with the JQC specifies that Judge Diaz admits he violated the Code and he further agrees to submit to “a public reprimand, a fourteen day suspension without pay, a $15,000 fine, and a complete and public apology to County Judge Lee Seidman and to the President of the Hispanic Bar Association of Broward County.”

Scope of Review

This Court has the discretion to accept, reject, or modify part or all of the JQC’s findings and recommendation of discipline. See Art. V, § 12(c)(1), Fla. Const. In In re Andrews, 875 So.2d 441, 442 (Fla.2004), this Court specified the scope of review in judicial misconduct cases, stating:
This Court reviews the findings of the JQC to determine if they are supported *337 by clear and convincing evidence and reviews the recommendation of discipline to determine whether it should be approved. “While this Court gives the findings and recommendations of the JQC great weight, ‘the ultimate power and responsibility in making a determination rests with this Court.’ ” In re Kinsey, 842 So.2d 77, 85 (Fla.2003) (footnote omitted) (quoting In re Davey, 645 So.2d 398, 404 (Fla.1994)). Accordingly, we review the findings to ensure that there is “clear and convincing evidence” to support the alleged ethical violations — a standard of proof which has been described as “more than a ‘preponderance of the evidence,’ but the proof need not be ‘beyond and to the exclusion of a reasonable doubt.’ ” Id. (quoting In re Davey, 645 So.2d at 404).
[[Image here]]
The second issue for this Court is whether the JQC’s recommendation of a public reprimand is an appropriate discipline in this case.

Id.

In this case, the Notice of Formal Charges quotes and interprets the anonymous emails sent by Judge Diaz to Judge Seidman and the Hispanic Bar Association of Broward County. Because Judge Diaz admitted to the alleged wrongdoing, we accept the commission’s findings. In cases where a judge admits to wrongdoing and the JQC’s findings are undisputed this Court will ordinarily conclude that the JQC’s findings are supported by clear and convincing evidence. See In re Andrews, 875 So.2d at 442 (“Judge Andrews admitted to the conduct alleged by the JQC. Accordingly, the JQC’s findings are supported by clear and convincing evidence.”); see also In re Angel, 867 So.2d 379, 383 (Fla.2004); In re Schapiro, 845 So.2d 170, 174 (Fla.2003).
It appears here that the commission’s concerns were not with the substance of the matters addressed by Judge Diaz, but rather with the fact that Judge Diaz acted anonymously and that his message could be construed as a threat to his judicial colleague that “We [Judge Diaz and others] remember.” This was followed by Judge Diaz’s action in sending copies of his anonymous communications to the Hispanic Bar Association, presumably to influence that group in its relations with Judge Seidman. The stipulation does not specify the actual canons violated and Judge Diaz does not challenge that omission or seek a remand to address it. Moreover, by his stipulation and agreement, it appears that Judge Diaz has conceded he violated the broad provisions of Canon 1 and Canon 2 of the Code of Judicial Conduct, which can be construed to prohibit judges from making threatening or disparaging remarks about other judges or parties in the manner involved herein.[1] These canons broadly prohibit *338 conduct unbecoming a judicial officer. See In re Richardson, 760 So.2d 932, 933 (Fla.2000) (interpreting Canon 2(B) as prohibiting “conduct unbecoming a member of the judiciary.”); see also In re Schapiro, 845 So.2d 170, 171 (Fla.2003) (involving behavior this Court described as conduct that was “unbecoming a member of the judiciary, [brought] the judiciary into disrepute, and impair[ed] the citizens’ confidence both in the integrity of the judicial system and in Judge Schapiro as a judge”).
Based upon our review, and because Judge Diaz admits to the wrongdoing and does not contest the commission’s findings in any respect, we conclude that the JQC’s findings are supported by clear and convincing evidence. Similarly, because Judge Diaz has expressly agreed to the recommended discipline both below and in this Court, including the fine, suspension without pay, and a public reprimand, we accept and approve this discipline.
Accordingly, we approve the stipulation and direct that Judge Diaz pay the $15,000.00 fine and serve the fourteen-day suspension. This opinion shall serve as a public reprimand.
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE and BELL, JJ., concur.
CANTERO, J., dissents with an opinion, in which PARIENTE, C.J., concurs.

. Canon 1 states in pertinent part:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
Canon 2 states in pertinent part:
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary-
B. A judge shall not allow family, social, political or other relationships to influence the judge’s judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that *338 they are in a special position to influence the judge.