# Supreme Court of Florida

———————

No. SC19-253

———————

**INQUIRY CONCERNING A JUDGE NO. 18-386 RE: ERNEST A. KOLLRA.**

April 18, 2019

PER CURIAM.

In this case, we review the findings and recommendation of the Florida Judicial Qualifications Commission (JQC) concerning misconduct by Judge Ernest Kollra of the Seventeenth Judicial Circuit and a stipulation entered into by Judge Kollra and the JQC. We have jurisdiction. *See* art. V, § 12, Fla. Const. We approve the parties' stipulation that Judge Kollra improperly introduced partisan political activity into his campaign for judicial office, that Judge Kollra's conduct violated two canons of the Code of Judicial Conduct, and that the appropriate discipline is a public reprimand.

## BACKGROUND

This case arises from two incidents that occurred during Judge Kollra's campaign for reelection in 2018. As stipulated by the parties, and as set forth in

the JQC's Findings and Recommendation of Discipline, those incidents are as follows:

> In May of 2018, Judge Kollra and his opponent sat together for an interview with the Sun Sentinel newspaper editorial board. Judge Kollra was asked about his personal political affiliation, and he responded that he is a registered Republican. The same question was posed to Judge Kollra's opponent, and he declined to answer. Although the newspaper did not ultimately publish information about Judge Kollra's political affiliation, he understood that they could have. . . .
>
> A second incident occurred just a few weeks later, in June of 2018. On June 13, 2018, Judge Kollra attended a judicial candidate forum that was advertised as an "endorsement event" for the Dolphin Democrats. The Dolphin Democrats is a partisan political organization . . . . Judge Kollra was subsequently notified that he had received the official endorsement of the Dolphin Democrats. On June 24, while participating in a judicial candidate forum hosted by the Hills Democratic Club, Judge Kollra concluded his stump speech by telling the attendees that he had recently received the endorsement of the Dolphin Democrats.

In December 2018, the JQC served a Notice of Investigation on Judge Kollra stemming from these campaign incidents. On January 25, 2019, the Investigative Panel of the JQC conducted an investigative hearing at which Judge Kollra appeared with counsel and testified under oath in response to the Notice of Investigation. Following that hearing, the Investigative Panel determined that probable cause existed for the filing of formal charges. On February 14, 2019, the Investigative Panel formally charged Judge Kollra with violating certain canons of the Code of Judicial Conduct. The next day, the JQC filed its Findings and Recommendation of Discipline, along with the stipulation executed by the parties.

In its Findings and Recommendation of Discipline, the JQC found that

Judge Kollra violated Canons 7C(3) and 7D of the Code of Judicial Conduct.

Canon 7C(3) provides:

> (3) A judicial candidate involved in an election or re-election, or a merit retention candidate who has certified that he or she has active opposition, may attend a political party function to speak in behalf of his or her candidacy or on a matter that relates to the law, the improvement of the legal system, or the administration of justice. The function must not be a fund raiser, and the invitation to speak must also include the other candidates, if any, for that office. *The candidate should refrain from commenting on the candidate's affiliation with any political party* or other candidate, and should avoid expressing a position on any political issue. A judicial candidate attending a political party function *must avoid conduct that suggests or appears to suggest support of or opposition to a political party*, a political issue, or another candidate. Conduct limited to that described above does not constitute participation in a partisan political party activity.

(Emphasis added.) Canon 7D provides:

> D. Incumbent Judges. A judge *shall not engage in any political activity except* (i) as authorized under any other Section of this Code, (ii) on behalf of measures to improve the law, the legal system or the administration of justice, or (iii) as expressly authorized by law.

(Emphasis added.) The JQC explained that Canons 7C(3) and 7D "very clearly

and unambiguously" prohibit partisan political conduct by judges or candidates for

judicial office.[1] After finding that Judge Kollra's "course of conduct" violated

---

1. The JQC also explained that section 105.071, Florida Statutes, imposes certain limitations on political activity by candidates for judicial office, including prohibiting a candidate from " '[c]ampaign[ing] as a member of any political

- 3 -

Canons 7C(3) and 7D, the JQC set forth what it determined to be relevant mitigation:

> Judge Kollra is a relatively new judge, and having been first appointed in 2016, and this was his first ever foray into an election of any kind. He has no prior disciplinary record with the Commission. He was admitted to [T]he Florida Bar in 1978, and has maintained an exemplary and, heretofore, unblemished record as a licensed attorney.
> Further, Judge Kollra admitted to his misconduct, and has cooperated with the Commission in all respects during this inquiry. He deeply regrets that his conduct could have degraded the public's perception of the impartiality and nonpartisan nature of judicial elections. He hopes to rectify this, in part, by taking responsibility for his misconduct, and accepting the sanction.

The JQC then recommended a public reprimand, observing that this Court had imposed that sanction in "similar misconduct" cases.

In the stipulation, Judge Kollra admitted to the alleged conduct, conceded that the conduct was violative of Canons 7C(3) and 7D, expressed remorse, and accepted the JQC's findings and recommendation.

## ANALYSIS

"[T]his Court gives the findings and recommendations of the JQC great weight . . . ." *In re Kinsey*, 842 So. 2d 77, 85 (Fla. 2003). However, this Court is not obligated to accept a stipulation between the JQC and the subject of an investigation. Under article V, section 12(c)(1) of the Florida Constitution, this

---

party,' or '[p]ublicly represent[ing] or advertis[ing] herself or himself as a member of any political party.' " (Quoting § 105.071(2)-(3), Fla. Stat.)

Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission." We review the JQC's findings "to determine if they are supported by clear and convincing evidence." *In re Decker*, 212 So. 3d 291, 300 (Fla. 2017). And we review the JQC's "recommendation of discipline to determine 'whether it should be approved or whether other discipline is appropriate.' " *Id.* at 300-01 (quoting *In re Renke*, 933 So. 2d 482, 486 (Fla. 2006)). In this case, our review leads us to approve the parties' stipulation.

The JQC found that Judge Kollra's campaign conduct violated Canons 7C(3) and 7D. Judge Kollra cooperated with the JQC, admitted to the conduct, and conceded the JQC's findings. "In cases where a judge admits to wrongdoing and the JQC's findings are undisputed this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." *In re Diaz*, 908 So. 2d 334, 337 (Fla. 2005). We reach that conclusion here. Judge Kollra clearly introduced partisan political activity into a nonpartisan judicial election. Judge Kollra first represented himself as a registered Republican while being interviewed by a newspaper's editorial board. Judge Kollra later touted his endorsement by a partisan political organization affiliated with the Democratic Party. That Judge Kollra's conduct went to both sides of the political aisle does not make the conduct any less violative of Canon 7. As the JQC properly observed, the purpose of the applicable canons is to "protect the integrity of non-partisan judicial elections."

And as Judge Kollra recognizes, the canons accomplish that purpose in part by prohibiting the type of conduct in which he engaged.

As to discipline, we agree with the JQC that our precedent supports the recommended sanction of a public reprimand. *See In re Angel*, 867 So. 2d 379, 383 (Fla. 2004) (imposing public reprimand for judge who admitted to, among other things, multiple violations of Canon 7C(3), and listing cases in which "this Court has accepted the JQC's recommendation of public reprimand for conduct in violation of Canon 7 of the Code of Judicial Conduct, as well as section 105.071 of the Florida Statutes"). We also agree that this case is distinguishable from and involves less severe misconduct than *In re Decker*, in which we imposed a public reprimand, six-month suspension, and payment of costs for misconduct involving, among other things, a violation of Canon 7C(3). *In re Decker*, 212 So. 3d at 293, 301. Unlike here, *In re Decker* involved a "pattern of misconduct involving numerous separate and cumulative violations," *id.* at 308-09, both before and during a judicial campaign, *id.* at 293. Lastly, although we recognize Judge Kollra's cooperation and remorse and commend him on an otherwise unblemished four decades as a member of The Florida Bar, we also note that being "a relatively new judge" and not having any prior experience with "an election of any kind" does not lessen a judicial candidate's obligations to be familiar with and adhere to the Code of Judicial Conduct. Under the Code, it is incumbent upon judges and

judicial candidates to refrain from prohibited political activity. Failures to do so require appropriate discipline. In this case, the appropriate discipline is a public reprimand.

## CONCLUSION

We conclude that the JQC's findings are supported by clear and convincing evidence, and we approve the stipulation entered into by Judge Kollra and the JQC. Accordingly, we hereby command Judge Ernest Kollra to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Honorable Krista Marx, Chair, Michael Louis Schneider, Executive Director, Alexander John Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Kevin P. Tynan of Richardson & Tynan, P.L.C., Tamarac, Florida,

for Judge Ernest A. Kollra, Respondent